(90 App. Div. 531.)

PHILLIPS et al. v. ALLEN.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. BILLS AND NOTES—ACTIONS—DEFENSES—QUESTIONS FOR JURY.

Defendant and R. being indebted to plaintiff, on May 28th R. signed a note for $206, and it was indorsed by defendant and delivered to plaintiff, who indorsed it to a bank for discount. On April 18th, plaintiff had received a note for $200, signed by defendant, which plaintiff also indorsed to the bank for discount, and after it was due, and before the note of May 28th was due, defendant, on June 25th, signed a note for $206.50, payable to R., and it was indorsed by R. and plaintiff and delivered to the bank, and the note of May 28th was delivered to R. On July 10th, R. signed defendant's name to a note for $186.50, indorsed it to plaintiff, who indorsed it and used it in part renewal of the note of June 25th, then due, and which was then delivered to R. Plaintiff, on being compelled to

pay the note of July 10th, brought suit thereon against defendant, who successfully defended on the ground that he did not make said note. R. then delivered the note of June 25th to plaintiff, who sued thereon. *Held*, that if the note in suit was intended, as alleged by defendant, in renewal of his note of April 18th, and was fraudulently diverted from its purpose by plaintiff, he could not recover, and it was error to direct a verdict in his favor, but the question should have been submitted to the jury.

2. SAME.

If plaintiff knew that R. signed defendant's name, and knew the extent of his authority to sign for defendant, plaintiff could not recover, and this question should have gone to the jury.

Appeal from Trial Term, Delaware County.

Action by Morgan Phillips and others against Watson Allen on a note. From a judgment for plaintiffs and from an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

I. L. Brayman, for appellant.

Charles H. Seelye (Eugene H. Hanford, of counsel), for respondents.

CHASE, J. The plaintiffs are copartners doing business under the firm name of M. Phillips & Co. The plaintiffs sold property to one Roe, and also to the defendant. On February 20, 1900, Roe signed a note for $200, payable to the order of defendant, and it was indorsed by defendant, and delivered to the plaintiffs, in payment of indebtedness of Roe. The plaintiffs indorsed that note, and it was discounted at the Sidney National Bank. On May 28, 1900, this note was renewed. The amount of the renewal note was $206, payable one month from date, and it was signed by Roe, and indorsed by defendant and plaintiffs. On April 18, 1900, the defendant signed a promissory note for $200, payable one month from date to the order of M. Phillips & Co., and delivered the same to the plaintiffs in payment for horses purchased by him, or in renewal of a previous note so given. This note was indorsed by the plaintiffs, and discounted at said bank. On June 25, 1900, the note of April 18th was in said bank, past due, and the note of May 28th was in said bank, but not then due. A note was then signed by the defendant for $206.50, payable on or before July 10th to the order of Roe, which note was indorsed by Roe and by the plaintiffs and delivered to said bank, and the note of May 28th was delivered to Roe. When said note became due, Roe signed the defendant's name to a note of $186.50, which note he then indorsed, and the plaintiffs indorsed the same, and it was used in part renewal of the $206.50 note of June 25th, Roe paying the balance thereof in cash. The note of June 25th was somewhat mutilated, as is the custom of said bank when a note is paid, and it was then delivered to Roe by the bank. When the note of July 10th became due it was not paid, and plaintiffs paid the bank the amount due thereon and took the note, and subsequently sued the defendant thereon. The defendant, by an answer interposed in that action, denied the making of said note, and the trial of that action resulted in a judgment in favor of the defendant. In December, 1901, the plain-

tiffs demanded of Roe the note of June 25, 1900, and Roe delivered it to the plaintiffs, and they thereupon commenced this action thereon.

The defendant alleges that the plaintiffs are not the real parties in interest, and that the note of June 25th was signed by him for the purpose of renewing his note of April 18th, and for no other purpose, and that said Roe and plaintiffs diverted the note in suit from the purpose for which it was given to them. On or about the 17th day of July, 1900, the amount of defendant's note of April 18th was paid to the bank, and said note was transferred to and is now the property of the wife of said Roe. The defendant admits that he signed the note in suit, and it was concededly so signed for the purpose of renewing either the note of Roe dated May 28th, or the note of defendant dated April 18th. The court at the conclusion of the trial said to the jury:

"It appears from the evidence in this case that this note in question was executed for the purpose of renewing a note signed by Hewitt Roe or a note signed by the defendant. In either event the plaintiffs are entitled to recover; so you are directed to render a verdict in favor of the plaintiffs for the sum of $207.26."

The defendant asked to go to the jury upon the questions: (1) Whether the plaintiffs, at the time they took the $186.50 note on the 9th or 10th of July, 1900, knew it was not signed by the defendant. (2) Whether the plaintiffs are the real parties in interest. (3) Whether the note in suit was diverted by plaintiffs and Roe from the purpose for which it was executed. The court, in refusing to submit the issues to the jury, evidently assumed that the defendant, in any action hereafter brought against him upon the note of April 18th, could allege and prove that he gave a note to Roe and plaintiffs for the purpose of renewing said note of April 18th; and the court must also have assumed that such proof, together with proof that a judgment had been rendered against the defendant on said note so given for the purpose of renewing the note of April 18th, notwithstanding such note had been diverted from the purpose for which it was given, would be a complete defense to any action so to be brought upon said note of April 18th. The bank was not in any way a party to the alleged diversion of said note of June 25th, and the note of April 18th was not paid or in any way affected by the alleged unauthorized and fraudulent diversion of such note by Roe and the plaintiffs. If an action had been brought by the bank against the defendant on the note of April 18th, the facts as claimed by the defendant herein would not have been a defense to such action; and if not a defense in an action by the bank, such facts would not be a defense in an action brought by Mrs. Roe, if she obtained her title in good faith directly from the bank. The parties to this action are directly concerned in the question of the diversion of the note. If the plaintiffs fraudulently diverted the note from the purpose for which it was given, they should not be allowed to recover against the defendant thereon, and the question of the diversion of the note should have been submitted to the jury.

A serious question also arises as to whether the plaintiff can in any event recover on this note, which was paid by Roe, the principal

debtor thereon, in the manner stated. It may be assumed that the bank, on discovering that the defendant did not sign the note of July 10th, could have required Roe to return the note of June 25th in exchange for the note then in their possession. That was not done. The note of July 10th was paid to the bank by the plaintiffs, who had by their indorsement guarantied the genuineness of the maker's signature thereto. The plaintiffs are the original creditors, and Roe, the original debtor, had given the note for which the note in question was used as a renewal in payment of his indebtedness to them. As the note of June 25th was used, the defendant was an accommodation maker thereof, of which fact the plaintiffs had knowledge. Whether the plaintiffs have, on their evidence, any legal claim against the defendant on the note which was so taken from the bank and held by the principal debtor for over a year before it was redelivered to the plaintiffs is doubtful. Even if the note of June 25th was not diverted from the purpose for which it was given, if the plaintiffs, when they indorsed the note of $186.50, knew that Roe had signed the defendant's name thereon, and they also knew the extent of Roe's authority from the defendant to sign his name to or on notes, and all the circumstances connected with the same, they should not now be allowed to say that the note of June 25th was not paid, as against the defendant. The defendant at least should have an opportunity to have the questions of fact, the determination of which are vital to the maintenance of this action, submitted to and decided by a jury.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.